Filed 6/17/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B237734 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA088024) |
| v. | |
| DEMETRIUS SULLIVAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James Pierce, Judge. Reversed.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

We hold that double jeopardy bars a retrial on a substantive offense when jurors reached a verdict on the substantive offense but deadlocked as to an enhancement. The

trial court should have taken a verdict on the substantive offense and declared a mistrial as to the enhancement only. Finding that defendant Demetrius Sullivan received the ineffective assistance of counsel for counsel's failure to advise defendant to plead once in jeopardy, we reverse the judgment of conviction.

## BACKGROUND

On March 17, 2011, defendant was charged with robbery (Pen. Code, § 211)[1] and assault likely to produce great bodily injury (§ 245, subd. (a)(1)). It was further alleged defendant personally inflicted great bodily injury on John Doe in violation of section 12022.7, subdivision (a). Prior convictions were alleged. Defendant was tried by jury. With respect to the great bodily injury enhancement, jurors were instructed that "great bodily injury means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm." Jurors asked the court the meaning of "moderate harm," and the court reinstructed them.

In the morning of June 30, 2011, jurors returned a verdict on the robbery charge, and reported they were unable to reach a verdict on whether defendant actually inflicted great bodily injury on John Doe. The court ordered jurors to conduct additional deliberations. That afternoon, jurors reported they were still unable to reach a verdict on the special circumstance. Their note stated: "We are at a standstill on special circumstances. We have a verdict." The court concluded it could not take a verdict on the substantive offense without simultaneously taking a verdict on the enhancement. The court explained:

"THE COURT: . . . It's now 3:05 in the afternoon, and approximately 10 minutes ago we received another note from the foreperson that indicated: 'We are at a standstill on special circumstances. We have a verdict.' [¶] Unfortunately, ladies and gentlemen. I'm unable to take the verdict unless the complete form is there. So I want you to understand that it's all together. [¶] Now I would like to inquire as to Juror No. 4, the foreperson, what the poll count at the last counting?

---

[1]     All undesignated statutory references are to the Penal Code.

"JUROR No. 4:  It was 11 to 1.

"THE COURT:  So there's been no change?

"JUROR No. 4:  Uh-uh.

"THE COURT:  Okay.  Let me ask you a couple of other questions, and I want all of you to think about this.  If the Court were to ask you to continue deliberating and provide anything to you, if additional playing the tape again or maybe some more definitions, if I can give you some more words from the dictionary in regard to the difference between 'moderate' versus 'significant' -- that's what we're talking about here.  'Moderate' versus 'significant' -- would any of that be helpful and would possibly, not probably, but possibly result in a verdict in this matter? . . . .

"JUROR No. 4:  I don't think so."

The court asked the remaining jurors the same question; all responded negatively.  The court then stated:  "The Court hereby declares a mistrial in this matter, and we start all over again. . . .  [¶]  The jury is hereby excused."

After declaring a mistrial, the foreperson reported that one juror thought "it was minor" and "everyone else thought it was significant."

On October 24, 2011, the People filed an amended information alleging a single count of assault likely to produce great bodily injury.  A great bodily injury enhancement was alleged.  Prior convictions also were alleged.  Jurors found defendant committed the assault but found the great bodily injury enhancement not true.  Defendant admitted he suffered a prior conviction.  The court ordered defendant to serve a five-year sentence.  The sentence was ordered to run consecutive to defendant's sentence in another case.[2]

## DISCUSSION

Because defendant did not enter a plea of once in jeopardy, he has technically forfeited his argument that the second trial violated the double jeopardy clause.  (*People*

---

[2]    On March 4, 2011, the trial court revoked defendant's probation in a case in which defendant pled guilty to possession of a controlled substance.

3

*v. Scott* (1997) 15 Cal.4th 1188, 1201.)  However, we must consider the argument in evaluating defendant's claim of ineffective assistance of counsel.  (*Ibid.*)

"'The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb. . . ."  This guarantee is applicable to the states through the Fourteenth Amendment.  [Citation.]  Similarly, article I, section 15, of the California Constitution provides: "Persons may not twice be put in jeopardy for the same offense. . . ."'  [Citation.]"  (*Stanley v. Superior Court* (2012) 206 Cal.App.4th 265, 278 (*Stanley*).)  "'"The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. . . ."'  [Citation.]"  (*People v. Saunders* (1993) 5 Cal.4th 580, 593.)

"In some circumstances, double jeopardy bars a retrial even though no verdict has been rendered.  Once jeopardy has attached, discharge of the jury without a verdict is tantamount to an acquittal and prevents a retrial, unless the defendant consented to the discharge or legal necessity required it."  (*Stone v. Superior Court* (1982) 31 Cal.3d 503, 516 (*Stone*).)  "If the prosecutor charges different offenses in separate counts and the jury reaches a verdict as to some counts but not as to others, the jury 'may render a verdict as to the charge or charges upon which they do agree, and the charges on which they do not agree may be tried again.'  [Citations.]  In that situation, the trial court is required to receive a verdict as to those counts on which the jury has reached agreement; failure to do so bars retrial on such counts."  (*Id.* at p. 517.)

Applying these principles here, the court's discharge of the jury without a verdict on the assault charge prevents a retrial, unless the defendant consented to the discharge or legal necessity required the discharge.  With respect to consent, the record shows nothing more than mere silence, which standing alone is insufficient to infer consent.  (*Stanley, supra,* 206 Cal.App.4th at p. 280.)  Immediately after learning the jury remained deadlocked notwithstanding additional deliberations, the court stated that it "hereby declares a mistrial in this matter," set the case for retrial, and excused the jury.  Neither defense counsel nor defendant led the court to believe defendant consented.

4

With respect to legal necessity, none existed. Although a court may discharge "a genuinely deadlocked jury," here jurors twice stated they reached a verdict on the substantive count. (*Arizona v. Washington* (1978) 434 U.S. 497, 509; see also *People v. Fields* (1996) 13 Cal.4th 289, 300 ["Like its federal counterpart, the state rule permits retrial following discharge of a jury that has been unable to agree on a verdict."].) The jury foreperson reported that the jury was at a standstill on the "special circumstance" – meaning the great bodily injury enhancement – but "[w]e have a verdict," which could only be on the remaining assault charge.

The court should have received the verdict on the assault charge and declared a mistrial only as to the great bodily injury enhancement. The court erred in concluding that it could not declare a mistrial as to the enhancement only. A retrial may be limited to the deadlocked allegation. (*People v. Anderson* (2009) 47 Cal.4th 92, 102-104 (*Anderson*).) In a case similar to this one, the appellate court held that the great bodily injury enhancement may be tried separately from the substantive offense. (*People v. Schulz* (1992) 5 Cal.App.4th 563.) The court reasoned "there is no legal or practical barrier to continued prosecution of an enhancement before a second jury . . . ." (*Id.* at p. 569.) That reasoning was favorably cited by our high court in *Anderson.* (*Anderson, supra,* at p. 121.) Because the great bodily injury enhancement could have been tried in a second trial, there was no legal necessity to declare a mistrial as to the assault.

Respondent's principal argument is that jurors never reached a verdict because they never orally pronounced their verdict. That argument is technically correct but is irrelevant as it demonstrates no necessity for discharging the jury.[3] Because jurors had

---

[3] "Section 1163 provides that '[w]hen a verdict is rendered, and before it is recorded, the jury may be polled, at the request of either party, in which case they must be severally asked whether it is their verdict, and if any one answer in the negative, the jury must be sent out for further deliberation.' And section 1164, subdivision (a) provides that '[w]hen the verdict given is receivable by the court, the clerk shall record it in full upon the minutes, and if requested by any party shall read it to the jury, and inquire of them whether it is their verdict. If any juror disagrees, the fact shall be entered upon

5

reached a verdict on the substantive offense of assault, the verdict should have been received and recorded. (*Carbajal*, *supra*, 56 Cal.4th at p. 530.) The failure to receive the verdict bars retrial under the double jeopardy clause. (*Stone*, *supra,* 31 Cal.3d at pp. 517, 519; see also *Carbajal,* at pp. 533-534.)

Respondent's remaining arguments lack merit. *Blueford v. Arkansas* (2012) __ U.S. __ [132 S.Ct. 2044] is inapposite because it discusses double jeopardy principles in the context of a juror report *prior* to the conclusion of jury deliberations whereas in this case the jurors reported they had a verdict at the conclusion of jury deliberations. *Blueford*'s conclusion that it was possible for jurors "to revisit the offenses," during the continued deliberations is inapplicable here. (*Id*. at p. 2051.) Finally, respondent incorrectly asserts that double jeopardy prevents retrial only if jurors intended to acquit a defendant not if jurors intended to convict him. To the contrary, "'[t]he double jeopardy bar protects against a second prosecution for the same offense following an acquittal *or conviction*, and also protects against multiple punishment for the same offense. [Citations.]' [Citation.]" (*Anderson, supra*, 47 Cal.4th at pp. 103-104, italics added.)

In sum, defendant's claim of double jeopardy has merit. The great bodily injury enhancement could have been retried separately from the assault, and the trial court was required to receive a verdict as to the assault. The failure to do so bars retrial on the assault. (*Stone, supra*, 31 Cal.3d at p. 517.) Defendant's counsel was ineffective for failing to advise defendant to assert a plea of once in jeopardy, and defendant was prejudiced because he was convicted of assault for which he previously was in jeopardy. (See § 1016; *In re Wilson* (1992) 3 Cal.4th 945, 950.) There could be no tactical reason for not raising a plea of jeopardy in the second trial.

---

the minutes and the jury again sent out; but if no disagreement is expressed, the verdict is complete . . . .'" (*People v. Carbajal* (2013) 56 Cal.4th 521, 530-531 (*Carbajal*).)

## DISPOSITION

The judgment of conviction for assault is reversed.


FLIER, J.


We concur:


RUBIN, Acting P. J.


GRIMES, J.